# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **NICOLE D. POLK,** | ) |
| Plaintiff, | ) ) ) **Case No.: 1:17-cv-00297** |
| v. | ) ) **Formerly CV-2017-901395.00** |
| **NATIONSTAR MORTGAGE, LLC,** | ) ) **In the Circuit Court of Mobile County, Alabama** |
| Defendant. | ) ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a) and (b), Defendant Nationstar Mortgage, LLC ("Nationstar") submits its Notice of Removal of the proceeding entitled *Nicole D. Polk v. Nationstar Mortgage, LLC*, designated 02-CV-2017-901395.00, pending in the Circuit Court for Mobile County, Alabama,[1] to the United States District Court for the Southern District of Alabama, Southern Division. As grounds, Nationstar states as follows:

### Commencement and History of the Case

On or about May 23, 2017, a Complaint to Set Aside Foreclosure ("Complaint") in the case entitled *Nicole D. Polk v. Nationstar Mortgage, LLC*, designated 02-CV-2017-901395.00, was filed and is now pending in the Circuit Court for Mobile County, Alabama. A copy of the Complaint is attached hereto within Exhibit A.[2] In the Complaint, Plaintiff Nicole D. Polk ("Plaintiff") seeks: (1) "a judgment for breach of the Mortgage and compensatory damages plus interest and cost" and (2) the court to "declare the purported foreclosure sale be set aside as void

---

[1] Nationstar specifically reserves any and all applicable defenses pursuant to Rule 12 of the Federal Rules of Civil Procedure.

[2] Exhibit A contains all pleadings filed in the Circuit Court.

or voidable and of no effect." (Ex. A, at 2.) The Complaint included no demand for a specific amount of damages. (*See id*.)

## Jurisdictional Statement

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332. Plaintiff is diverse in citizenship from Nationstar, the amount in controversy exceeds $75,000, exclusive of interest and costs, and Nationstar is not a citizen of the State of Alabama.

## Citizenship of the Parties

Plaintiff is a citizen of the State of Alabama. (Ex. A, ¶ 1.) Nationstar is a foreign limited liability company and, therefore, a citizen of all states of which its members are citizens. *See Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) ("[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen."). Nationstar has two members: (1) Nationstar Sub1 LLC ("Sub1") and (2) Nationstar Sub2 LLC ("Sub2"). Both Sub1 and Sub2 are Delaware limited liability companies. Nationstar has no other members.

The sole member of Sub1 and Sub2 is Nationstar Mortgage Holdings Inc. ("NSM Holdings"). Sub1 and Sub2 have no other members. NSM Holdings is a Delaware corporation with its principal place of business in Coppell, Texas. Therefore, NSM Holdings is a citizen of Delaware and Texas. *See* 28 U.S.C. § 1332(c) (providing that "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . ."). Sub1 and Sub2 are thus citizens of Delaware and Texas, because their citizenships are determined by the citizenship of NSM Holdings, their sole member. *See Rolling Greens MHP, LP*, 374 F.3d at 1021. Lastly, Nationstar is a citizen of

Delaware and Texas because its citizenship is determined by the citizenship of Sub1 and Sub2. *See id.*

Accordingly, diversity of citizenship is satisfied for purposes of this Court's jurisdiction of this proceeding pursuant to 28 U.S.C. § 1332, as no named defendant is a citizen of the State of Alabama. *See* 28 U.S.C. §§ 1332, 1441 (a), (b).

## Amount in Controversy

Section 1446(b) addresses when an action is removable, "setting forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of 'a copy of an amended pleading, motion, order or other paper.' [28 U.S.C.] § 1446(b)." *Williams v. Wal-Mart Stores, Inc.*, 534 F. Supp. 2d 1239, 1243 (M.D. Ala. 2008) (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212 (11th Cir. 2007)). Under the first type of case, "a case may be removed on the face of the complaint if the plaintiff has alleged facts sufficient to establish the jurisdictional requirements." *Id.* (quoting *Lowery*, 483 F.3d at 1213 n.63).

However, in this case, it is not facially apparent from Plaintiff's Complaint that the amount in controversy exceeds $75,000.00, as the Complaint contains claims for unspecified monetary damages (including compensatory damages, fees, and cost), and a request for injunctive and declaratory relief. (*See*, Ex. A, Complaint.) "It is well-established that, 'in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence.'" *Williams*, 534 F. Supp. 2d at 1243 (quoting *Lowery*, 483 F.3d at 1208). The preponderance of the evidence standard requires a removing defendant to "establish the amount in controversy by [t]he greater weight of the evidence, . . . [a] superior evidentiary weight that, though not sufficient to free the

mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other." *Pretka v. Kolter City Plaza, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

Moreover, "[i]f the amount in controversy is not facially apparent from the complaint, the court looks to the notice of removal and any evidence submitted by the parties 'relevant to the amount in controversy at the time the case was removed.'" *Bankhead v. Am. Suzuki Motor Corp.*, 529 F. Supp. 2d 1329, 1332 (M.D. Ala. 2008) (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). *See also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1316, 1319 (11th Cir. 2010) (further citations omitted) (holding that "[i]f a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement.").

Where a complaint is removed under the first paragraph of 28 U.S.C. § 1446(b) (within thirty days of initial service), the *Pretka* decision is controlling and there is "no[] limit [on] the types of evidence that may be used to satisfy the preponderance of the evidence standard." *Pretka*, 608 F.3d at 755, 768. Instead, removing defendants "may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "their own affidavits, declarations, or other documentation." *Id*. Here, based on the allegations in the Complaint and the evidence submitted by Nationstar, the amount in controversy will more likely than not exceed $75,000.00.

Plaintiff's Complaint seeks to have the foreclosure sale set aside and declared void and of no effect. (*See* Ex. A, Complaint, 2.) When declaratory and injunctive relief is sought, as here, "'it is well established that the amount in controversy is measured by the value of the object of litigation.'" *Ericsson GE Mobile Commc'n, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d

4

252700.1

216, 218 (11th Cir. 1997) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). *See also Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) ("the value of the requested relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted."). The value of the "object of the litigation" is the value of the home in cases where the plaintiff seeks an injunction preventing a foreclosure sale. *Berry v. Mortgage Elec. Reg'n Sys., Inc.*, No. CA 11-0618-KD-C, 2012 WL 1145219, *4 (S.D. Ala. Mar. 15, 2012), *report and recommendation adopted*, No. CA 11–0618–KD–C., 2012 WL 1145212 (S.D. Ala. Apr. 5, 2012). "Since foreclosure would require the homeowners to forfeit not only their right to peacefully possess and enjoy their home but, as well, their title to the house, 'in monetary terms, these benefits, objects, and rights are best measured by the value of the home itself.'" *Id.* (quoting *Blake v. Bank of Am., N.A.*, 2011 WL 2650849, *3 (M.D. Ala. July 6, 2011)); *see also Brown v. Citimortgage, Inc.*, 2011 WL 1059206, *3 (S.D. Ala. Mar. 4, 2011) (quoting *Mapp v. Deutsche Bank Nat'l Trust Co.*, 2009 WL 3664118, *3 (M.D. Ala. Oct. 28, 2009)) ("'In Sum, it is the value of the property that feeds the foreclosure formula.'"), *report and recommendation adopted*, No. 10–00709–KD–M, 2011 WL 1059172 (S.D. Ala. Mar. 23, 2011). While here Plaintiff is not seeking to prevent a foreclosure sale, her requested relief would have the same or greater effect. She seeks to have the foreclosure sale already completed held void.

      Federal courts in Alabama look at the tax assessed value of the property at the time of removal as evidence for such value. *See Berry*, 2012 WL 1145219, *5; *Brown,* 2011 WL 1059206, at *3. The 2016 Mobile County Revenue Commission fair market value of the property at issue here is $120,600.[3] *See* Exhibit B, Affidavit of Sudie Speed, at ¶ 4, at Ex. B-1. The

---

[3] The Mobile County Revenue Commission's Notice of Ad Valorem Taxes and Non-Ad Valorem Assessments states that the fair market value of the property is $120,600 and the

5

amount paid for the property at foreclosure is additional evidence that the amount in controversy is greater than $75,000. The property was purchased for $98,000 on April 6, 2017 at the foreclosure sale. *See* Exhibit C, Mortgage Foreclosure Deed. Finally, the payoff balance of the debt is further evidence of the amount in controversy. *See, e.g.*, *Bourgeois v. Wells Fargo Bank, N.A.*, No. 10–00626–KD–N, 2011 WL 836677, at *6 (S.D. Ala. Feb. 16, 2011) (an allegation that a lender lacks standing to foreclose "necessarily entail[s] a declaration concerning the validity of the entire accelerated debt"). Here, that amount, as of February 9, 2017, was $135,793.20. *See* Exhibit D, February 2017 Payoff Quote.

Against this background, because the full amount of the debt is at issue, the jurisdictional amount is satisfied, as evidenced by the 2016 tax assessed value of the property, the April 6, 2017 foreclosure sale, and the February 9, 2017 payoff balance of the debt. Removal is therefore proper.[4]

**Timeliness of Removal**

Nationstar was served with Plaintiff's Complaint on May 30, 2017. Thus, thirty days have not expired since Nationstar was able to first ascertain that the action was removable. Removal is therefore proper in accordance with 28 U.S.C. § 1446(b). In accordance with 28 U.S.C. § 1446, copies of all process and papers filed in this action are attached to this Notice of Removal as Exhibit A.

**Removal to Southern District of Alabama, Southern Division**

Pursuant to 28 U.S.C. § 1441(a), this action is being removed to this Court, which embraces the place where the action is pending in state court.

---

assessed value is $12,060. It appears this is a typo and the assessed value should have been $120,600 as well.

[4] In addition to permanent injunctive relief, Plaintiff also seeks "compensatory damages plus interest and cost," albeit in an unspecified amount. (Ex. A, at 2.)

### Attachment of State Court Pleadings and Records

Pursuant to 28 U.S.C. § 1446(a), clear and legible copies of all process, pleadings, motions, orders, proceedings, and other papers filed in the Circuit Court of Mobile County, Alabama, and served on Nationstar in this action are attached as Exhibit A.

### Notice to State Court

Contemporaneously with the filing of this notice of removal in this Court, and in accordance with 28 U.S.C. § 1446(d), written notice of removal is being filed with the clerk of the Circuit Court of Mobile County, Alabama, and is being served on counsel for Plaintiff. A copy of same is attached hereto as Exhibit E.

No admission of fact, law, or liability is intended by this notice of removal, and all defenses, motions, and pleas are expressly reserved.

### Conclusion

In conclusion, removal of this action is proper and timely for the foregoing reasons:

a. Plaintiff, Nicole Polk, a citizen of Alabama, is diverse in citizenship from Nationstar, which is not a citizen of Alabama;

b. the amount in controversy exceeds $75,000, exclusive of interest and costs; and

c. this Notice of Removal is timely filed.

WHEREFORE, PREMISES CONSIDERED, Nationstar, is entitled to have this cause removed from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division.

Respectfully submitted this the 28th day of June, 2017.

                                        */s/ G. Lane Knight*
                                        One of the Attorneys for Defendant
                                        Nationstar Mortgage, LLC

**OF COUNSEL:**

Gregory C. Cook (ASB-1088-O55G)
E-mail: gcook@balch.com
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8799

G. Lane Knight (ASB-6748-I72K)
E-mail: lknight@balch.com
Jacob C. Harper IV (ASB-3600-U70K)
E-mail: jharper@balch.com
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115

252700.1

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon any CM/ECF participants electronically and/or I have mailed by United States Postal Service a copy of the foregoing document to any non-CM/ECF participants this 28th day of June, 2017:

Marcus E. McCrory
166 Government Street Suite 110
Mobile, Alabama 36602

*Attorney for Plaintiff*

　　　　　　　　　　　　　　　　　　　　*/s/ G. Lane Knight*
　　　　　　　　　　　　　　　　　　　　Of Counsel